```
IN THE UNITED STATES DISTRICT COURT FOR THE
         EASTERN DISTRICT OF OKLAHOMA

DAINNA L. CLAYTON,             )
                               )
         Plaintiff,            )
                               )
v.                             )    Case No. CIV-14-252-RAW-KEW
                               )
CAROLYN W. COLVIN, Acting      )
Commissioner of Social         )
Security Administration,       )
                               )
         Defendant.            )
```

## REPORT AND RECOMMENDATION

Plaintiff Dainna L. Clayton (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and REMANDED for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

**Claimant's Background**

Claimant was born on June 6, 1959 and was 54 years old at the time of the ALJ's latest decision. Claimant completed her high school education and obtained an associate's degree in art. Claimant has worked in the past as a dump truck driver, clerk, and forklift operator. Claimant alleges an inability to work beginning February 15, 2010 due to limitations resulting from body aches,

dizziness, fainting, carpal tunnel syndrome, arthritis, and depression.

**Procedural History**

On January 27, 2011, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. On After a hearing, the Administrative Law Judge ("ALJ") issued an unfavorable decision, finding Claimant could perform her past work as a sewing machine operator. On April 9, 2013, the Appeals Council reversed the ALJ's decision and remanded the case for further proceedings.

On September 30, 2013, an second administrative hearing was held before ALJ Luke Liter by video with the ALJ presiding in Tulsa, Oklahoma and Claimant appearing in Muskogee, Oklahoma. On November 18, 2013, the ALJ issued another unfavorable decision on Claimant's applications. The Appeals Council denied review of the decision on May 1, 2014. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she retained the RFC to perform light work with limitations.

**Error Alleged for Review**

Claimant asserts the ALJ committed error in (1) failing to properly assess Claimant's RFC; and (2) failing to perform a proper credibility analysis.

**RFC Determination**

In his decision, the ALJ determined Claimant suffered from the severe impairments of obesity, osteoarthritis of the bilateral hands, and fibromyalgia. (Tr. 190). The ALJ found Claimant retained the RFC to perform light work with some limitations. In so doing, the ALJ determined Claimant could occasionally lift/carry or push/pull up to 20 pounds and frequently lift/carry or push/pull ten pounds; could stand/walk for six hours in an eight hour workday and sit for six hours in an eight hour workday. Claimant was found to be able to occasionally climb ramps or stairs but never climb ladders, ropes, or scaffolds; occasionally balance, stoop, kneel, crouch, and crawl; occasionally reach overhead, bilaterally; and frequently handle, finger, and feel with the hands, bilaterally. (Tr. 193). After consultation with a vocational expert, the ALJ

found Claimant retained the RFC to perform the representative jobs of furniture rental clerk, arcade attendant, and small product assembler. (Tr. 200). As a result, the ALJ found Claimant was not disabled from February 15, 2010 through the date of the decision. (Tr. 201).

Claimant contends the ALJ did not properly determine her RFC. Claimant first asserts the ALJ failed to explain how she could engage in frequent handling and fine manipulation while also finding her bilateral hand osteoarthritis to be a severe impairment. The ALJ addressed Claimant's arm and hand limitations as it related to a left shoulder injury and subsequent surgery. He concluded Claimant's ability to use her arms and hands were not further limited as a result of her shoulder problems. (Tr. 191). He also acknowledged Claimant's assertion of significant limitation in reaching and using her hands without resting but rejected these contentions, finding the objective medical record did not support a greater limitation than occasional overhead reaching and frequent handling, fingering, and feeling with her hands, bilaterally. (Tr. 198).

On October 4, 2010, Dr. Jullian Riggs found Claimant stated her wrists were hurting and he concluded Claimant suffered from muscle aches, pain localized to one or more joints, and joint stiffness

6

localized to one or more joints. (Tr. 589). He assessed Claimant with osteoarthritis bilateral wrist. (Tr. 590).

On July 18, 2011, Dr. Riggs found Claimant to have tender knots on her wrists on both sides. Claimant complained of aching and pain in her wrists. (Tr. 639). Dr. Riggs specifically noted Claimant had some small, hard, bumps on her tendons on the inner aspect of both wrists and that she was tender at the base of both of her thumbs. (Tr. 641-42).

On December 12, 2012, Claimant was evaluated by Mr. Rocky Arrasmith, a physician's assistant. He noted Claimant's right forearm and wrist were tender with movement and she experienced some tingling with tapping at the lateral radial distal end. Claimant indicated she had tingling in the thumb and index finger. (Tr. 710).

On March 13, 2013, Mr. Arrasmith observed Claimant had decreased movement of the left thumb secondary to pain at the base of the thumb. (Tr. 708). On April 17, 2013, Mr. Arrasmith found Claimant experienced decreased movement of the left wrist due to pain and she was unable to oppose her thumb to her little finger. (Tr. 705). On June 12, 2013, Dr. Guy E. Grooms, an orthopedist, found Claimant had crepitus with motion of the left thumb including flexion extension and adduction. He placed Claimant's left thumb

in a Santa Barbara splint. (Tr. 733).

The ALJ erroneously determined that Claimant's pain and stiffness in her bilateral wrists and thumbs was not supported by the objective medical record. Indeed, the ALJ's identification of Claimant's ability to engage in unskilled light work necessarily requires the ability to grasp, hold, and turn objects. Soc. Sec. R. 83-14. His determination that Claimant could perform this function is not supported by substantial evidence. On remand, the ALJ shall reassess Claimant's RFC in this regard and further consider limitations in Claimant's ability to manipulate.

Claimant also asserts her left shoulder pain should have been considered as a severe impairment. Where an ALJ finds at least one "severe" impairment, a failure to designate another impairment as "severe" at step two does not constitute reversible error because, under the regulations, the agency at later steps considers the combined effect of all of the claimant's impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity. <u>Brescia v. Astrue</u>, 287 F. App'x 626, 628–629 (10th Cir. 2008). The failure to find that additional impairments are also severe is not cause for reversal so long as the ALJ, in determining Claimant's RFC, considers the effects "of all of the claimant's medically determinable impairments, both those he

deems 'severe' and those 'not severe.'" Id. quoting Hill v. Astrue, 289 F. App'x. 289, 291–292, (10th Cir. 2008). The ALJ considered Claimant's shoulder pain in his functional assessment by including a restriction to occasional bilateral reaching overhead in his RFC assessment. (Tr. 193). This Court finds no error in his consideration of this condition.

Claimant also contends the ALJ failed to include any limitations for obesity in his assessment despite finding it to be a severe impairment. An ALJ is required to consider "any additional and cumulative effects" obesity may have upon other conditions from which a claimant suffers, recognizing that obesity combined with other impairments may increase the severity of the condition. Soc. Sec. R. 02-1p; 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 3.00(I)(combined effect with respiratory impairments). "[O]besity may increase the severity of coexisting or related impairments to the extent that the combination of impairments meets the requirements of a listing. This is especially true of musculoskeletal, respiratory, and cardiovascular impairments." Id.; see also, Hargis v. Sullivan, 945 F.2d 1482, 1491 (10th Cir. 1991)(an ALJ "must consider the combined effects of impairments that may not be severe individually, but which in combination may constitute a severe medical disability.")

"Obesity in combination with another impairment may or may not increase the severity or functional limitations of the other impairment." Each case is evaluated on information in the medical record. Id.

The ALJ's decision indicates that he considered the combined effects of obesity with the musculoskeletal impairments, citing to the appropriate listings and regulations. Soc. Sec. R. 02-1p. (Tr. 193). This Court finds this consideration to be in line with the requirements of the regulations and prevailing case authority - especially in light of Claimant's failure to identify a specific objective medical record which indicates Claimant's obesity exacerbated or increased the severity of another condition.

Claimant next asserts the ALJ failed to provide the appropriate analysis of Claimant's fibromyalgia condition. The ALJ discussed Claimant's condition in his decision, finding that the criteria of Soc. Sec. R. 12-2p had been met in this case. (Tr. 195). He also notes in the medical record that Dr. Riggs mentioned fibromyalgia/myositis but the notes indicate "no muscle aches, joint pain, or stiffness." (Tr. 196). The ALJ also found that Claimant's subjective complaints of pain were concurrent to "relatively unremarkable objective findings." (Tr. 197). Other than arguing that the ALJ should have provided a more detailed narrative analysis

of the condition, Claimant does not suggest how the condition further restricts or limits her ability to engage in basic work activity. No error is attributed to the ALJ's consideration of Claimant's fibromyalgia.

**Credibility Determination**

Claimant asserts the ALJ's credibility analysis was flawed because he concentrated on minor discrepancies between Claimant's and her mother's testimony on daily activities and the testimony of her neighbor. It is well-established that "findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995). "Credibility determinations are peculiarly in the province of the finder of fact" and, as such, will not be disturbed when supported by substantial evidence. Id. Factors to be considered in assessing a claimant's credibility include (1) the individual's daily activities; (2) the location, duration, frequency, and intensity of the individual's pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, the individual receives or has

11

received for relief of pain or other symptoms; (6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and (7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. Soc. Sec. R. 96-7p; 1996 WL 374186, 3. An ALJ cannot satisfy his obligation to gauge a claimant's credibility by merely making conclusory findings and must give reasons for the determination based upon specific evidence. Kepler, 68 F.3d at 391.

While the ALJ's consideration of discrepancies in the testimony might singly be considered "minor," the cumulative effect of multiple discrepancies can reflect adversely upon Claimant's credibility. The ALJ's consideration of these discrepancies and discounting of Claimant's testimony on severity does not offend the precepts of Soc. Sec. R. 96-7p. No error is found in the credibility analysis.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social

12

Security Administration should be **REVERSED and the matter REMANDED** for further proceedings consistent with this Order.  The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief.  Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 9th day of September, 2015.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE